IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 3080 STOKES FERRY ROAD, SALISBURY, NORTH CAROLINA 28146 | 1:16MJ116 |
| IN THE MATTER OF THE SEARCH OF A 1993 PURPLE HONDA CIVIC WITH NORTH CAROLINA LICENSE PLATE NUMBER DEV2441 | 1:16MJ117 |
| IN THE MATTER OF THE SEARCH OF NICHOLAS GEORGE PEACOCK DOB 02/21/1984 | 1:16MJ118 |

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on a Motion to Seal filed by the United States in each of the three, related, above-captioned cases. For the reasons that follow, the Court will grant those Motions to Seal in part by directing the Clerk to docket in the publicly-available, electronic and physical files for these cases <u>only</u> a <u>redacted</u> version of the common affidavit submitted in support of the search warrant applications in these cases, pursuant to 18 U.S.C. § 3509(d)(2) and consistent with the common law right of access to search warrant affidavits.

I.  BACKGROUND

Upon the submission of sworn applications by a federal law enforcement officer, the Court issued search warrants in the above-captioned cases. Those applications included a common affidavit by the submitting officer detailing facts and circumstances concerning an investigation into offenses involving a child victim, including enticement of a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(a) and/or (b), travel with intent to

engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b), and receipt and/or possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (5)(B). Following the execution of those warrants, a federal law enforcement officer made the required returns and the United States moved for sealing of the common affidavit submitted in support of the warrants. Upon inquiry from the Court, the United States agreed that redaction of portions of the affidavit (rather than wholesale sealing of the affidavit) should occur. The United States subsequently tendered a version of the affidavit reflecting its requested redactions.

## II. DISCUSSION

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978). As a result, "the courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). Put another way, "the press and the public have a common law qualified right of access to judicial records. Federal Rule of Criminal Procedure 41([i]) facilitates observance of this right by directing the judicial officer to file all papers relating to [a] search warrant in the clerk's office." Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989) (citation omitted); see also id. at 64-65 (holding that "affidavits for search warrants are judicial records," but explaining that only common law right of access and not First Amendment right of access applies to such affidavits). However,

-2-

"in accordance with the principles explained in Nixon, 435 U.S. at 599, . . . the [judicial] officer may file all or some of the papers under seal for a stated time or until further order." Goetz, 886 F.2d at 65.

More specifically, "[t]he judicial officer may deny [public] access when sealing is essential to preserve higher values and is narrowly tailored to serve that interest. In that event, the judicial officer must consider alternatives to sealing the documents. This ordinarily involves disclosing some of the documents or giving access to a redacted version." Id. at 65-66 (citations and internal quotation marks omitted).

In this case, the United States seeks redaction of certain portions of the common affidavit to preserve a higher value expressly recognized by 18 U.S.C. § 3509(d)(2), i.e., the interest in protecting the minor victim from emotional and psychological harm that could accompany the disclosure of her identity and/or graphic details of the alleged offense conduct. The statute in question provides for the sealing of court-filed materials "that disclose the name of or any other information concerning a child." Id.; see also 18 U.S.C. § 3509(a)(2)(A) (defining "child" as a minor "victim of a crime of physical abuse, sexual abuse, or exploitation"); 18 U.S.C. § 3509(d)(2)(A) & (B) (directing filing party to submit "the complete paper to be kept under seal" and "the paper with the portions of it that disclose the name of or any other information concerning the child redacted, to be placed in the public record"); Rodriguez v. United States Dep't of Army, 31

F. Supp. 3d 218, 236-37 (D.D.C. 2014) (construing 18 U.S.C. § 3509(d) as exempting from disclosure under the Freedom of Information Act "the statements and drawings of the child victim . . . and the medical records of the child victim"). The Court further concludes that the redactions proposed by the United States satisfy the Court's obligation to narrowly tailor any sealing order to serve the interest recognized by Section 3509(d)(2).[1]

### III. CONCLUSION

The facts and circumstances of this case warrant redaction of the common affidavit submitted in support of the search warrants in the above-captioned cases.

**IT IS THEREFORE ORDERED** that the Motion to Seal filed by the United States in each of the above-captioned cases is **GRANTED IN**

---

[1] In a sense, virtually every word of every document in the above-captioned cases constitutes "information concerning a child," 18 U.S.C. § 3509(d)(2) (emphasis added). See Webster's New World Dictionary 293 (2d college ed. 1980) (defining "concerning" as "relating to; having to do with; in regard to; about"). The Court, however, cannot square such a broad reading of the statute with the principle that the existence of the above-captioned cases and their general nature (no matter how disturbing) remains a matter of "utmost public concern," Landmark Commc'ns, 435 U.S. at 839. See generally United States v. Index Newspapers LLC, 766 F.3d 1072, 1084 (9th Cir. 2014) ("America has a long history of distrust for secret proceedings."); Doe v. Public Citizen, 749 F.3d 246, 266 (4th Cir. 2014) ("We have cautioned district courts that the right of public access, whether arising under the First Amendment or the common law, may be abrogated only in unusual circumstances. . . . [P]ublic access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary. Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." (internal citations and quotation marks omitted)). Accordingly, the redactions herein ordered shield from public view only matters that identify (or could identify) the minor victim and/or relate lurid details.

-4-

**PART** in that the Clerk shall docket in the publicly-available electronic and physical file of these cases <u>only</u> the <u>redacted</u> version of the common affidavit forwarded to the Clerk with this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that the unredacted copy of the affidavits submitted in support of the search warrants in the above-captioned cases shall be **SEALED**.

                                    <u>/s/ L. Patrick Auld</u>
                                        **L. Patrick Auld**
                            **United States Magistrate Judge**

July 7, 2016